IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CRAIG STEVEN HURLBURT,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA;<br>TOM GREEN, Warden, Dawson County Correctional Facility;<br>TIMOTHY C. FOX, Montana Attorney General; UNITED STATES OF AMERICA ATTORNEY OF MONTANA,<br><br>Respondents. | Cause No. CV 18-141-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On August 6, 2018, Craig Steven Hurlburt submitted a document titled "Motion for Interstate Agreement on Detainers, Notice of Untried Indictment, Demand for Jury Trial with Speedy Trial Rights, and Request for Counsel." Because the Court had no pending case in which the motion could be filed, the clerk opened a new case file.

On October 4, 2018, the Court characterized the motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241(c) and ordered Respondents to show

1

cause why equitable relief was not appropriate. *See* Order (Doc. 3) at 2, 4 ¶ 5. They timely responded. Hurlburt was permitted to reply but did not do so. Both the Montana Department of Justice and the United States Attorney for the District of Montana aver that no federal detainer is lodged against Hurlburt. *See* Responses (Docs. 6, 7). That being so, there is no case or controversy and the motion/petition is moot.

A certificate of appealability is inapposite, as Hurlburt does not complain of his detention by a state court. *See* 28 U.S.C. § 2253(c)(1)(A). But the district court should certify that any appeal from its disposition would not be taken in good faith, *see* Fed. R. App. P. 24(a)(4)(B), because Hurlburt challenges a detainer that does not exist.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Hurlburt's "motion," construed as a petition for writ of habeas corpus, should be DISMISSED as moot.

2. The district court should CERTIFY, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from its disposition is not taken in good faith.

3. The clerk should be directed to enter, by separate document, a judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Hurlburt may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Hurlburt must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of this action without notice to him.

DATED this 5th day of April, 2019.

        */s/ Timothy J. Cavan*
        Timothy J. Cavan
        United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.